**UNITED STATES of America,**

v.

**Louis ROMANO, Appellant.**

No. 03–2984.

United States Court of Appeals, Third Circuit.

Submitted Feb. 26, 2004.

Decided March 1, 2004.

George S. Leone, David B. Lat, Office of United States Attorney, Newark, NJ, for Appellee.

Alan L. Zegas, Zegas & Kean, Chatham, NJ, for Appellant.

Before RENDELL, BARRY, and BECKER, Circuit Judges.

## OPINION

BECKER, Circuit Judge.

Defendant Louis Romano appeals from a judgment of conviction for mail fraud following a bargained for guilty plea. Romano was a broker who misappropriated funds from some of his clients. While the indictment only charged Romano with losses totaling about $348,000, which was the amount incorporated into the plea bargain, a revised presentence report ("PSR") put those losses at about $399,000, bumping Romano's conduct into the next-higher loss range under the guidelines. At sentencing the District Court adopted the $399,000 figure. The issue on appeal is whether Romano should have been sentenced based on the guideline range for a loss of $200,000 to $350,000 (as the PSR initially recommended), or for a loss of $350,000 to $500,000 (as the revised PSR recommended and the sentencing Court found).

Romano's contention is that the District Court committed clear error in finding the amount of loss to be $399,593.18, rather than $348,000, as stipulated by the parties in the plea agreement, a finding which allegedly prejudiced Romano because he was sentenced to a term of imprisonment for 27 months, a term three months longer than the maximum sentence for the stipulated amount of loss. He seeks review of this finding under the clear error standard (the applicable standard of review). In support of this contention, Romano asserts: (1) that the District Court had to find the figure by clear and convincing evidence; (2) that the government's evidence was insufficient to show the increased loss; and (3) that his inability to engage in cross-examination violated his Sixth Amendment Confrontation Clause rights. He also suggests that the government's decision not to present the evidence contained in the amended PSR to the grand jury at the time of indictment indicates consciousness (or even an admission) by the government that the evidence was inadequate to support an increased sentence, and that the Court could not properly sentence on the basis of an amount higher than that stipulated to in the plea bargain. There is no basis for these contentions.

First, offense characteristics are determined by a preponderance of the evidence. It is only in the very rare case that departures from the guideline range are to be determined by more than a preponderance of the evidence. This case does not begin to approach the factual scenario in *United States v. Kikumura*, 918 F.2d 1084 (3d Cir.1990), in which the clear and convincing standard was applied.

Second, while the evidence relied upon for the additional losses (DA55–77) was certainly hearsay, not authenticated, or both, the Sentencing Guidelines only require that the evidence have "sufficient indicia of reliability," USSG § 6A1.3(a), which this Court has described as evidence that is "reasonably trustworthy" in light of "the totality of the circumstances." *United States v. Paulino*, 996 F.2d 1541, 1548 (3d Cir.1993). The additional losses were described in detail in FBI reports based on victim interviews corroborated by a raft of documents, checks and letters. Moreover, the sentencing colloquy with Roma-

no's counsel does not reveal that he wished to present contrary evidence and was denied an opportunity to do so; thus the requirement of USSG § 6A1.3(a) that "parties shall be given an adequate opportunity to present information to the court regarding [a disputed sentencing] factor" was satisfied. The government's evidence was sufficient.

Third, defendants do not have Confrontation Clause rights at sentencing. *See United States v. McGlory,* 968 F.2d 309, 347 (3d Cir.1992)(citing *United States v. Kikumura,* 918 F.2d 1084, 1099–1100 (3d Cir.1990)). Although Romano complains that he was sentenced based on losses not presented to the grand jury, even assuming that this is true, loss is not an element of the crime of mail fraud, *United States v. Copple,* 24 F.3d 535, 544 (3d Cir.1994). Thus, evidence of loss did not have to be presented to the grand jury.[1]

Finally, the fact that the parties stipulated to a loss amount lower than what the District Court ultimately found does not impair the District Court's finding. The plea agreement explicitly recognized that the parties' agreement to stipulate "cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties." The agreement further provided that "[a] determination that any stipulation is not binding shall not release either this Office or Louis Romano from any other portion

of this agreement, including any other stipulation." A50; accord USSG § 6B1.4(d) ("The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing."). In light of the foregoing language, the fact that the District Court declined to accept the parties' stipulation as to the loss amount has no relevance to the correctness of the District Court's loss finding.[2]

The judgment of the District Court will be affirmed.

---

1. Moreover, regardless of presentation to the grand jury, the additional losses would be included as relevant conduct for purposes of sentencing. Under the guidelines, in determining "specific offense characteristics," USSG § 1B1.3(a), district courts may take into account "[c]onduct that is not formally charged or is not an element of the offense of conviction," USSG § 1B1.3 cmt. background; *see also United States v. Baird,* 109 F.3d 856, 869 (3d Cir.1997) ("[T]he Guidelines envisioned that sentencing courts would consider

at least some conduct for which a defendant was not actually charged.").

2. Romano also challenges the District Court's decision not to credit him for the $4,000 in periodic payments that he claims to have made to victims prior to the plea agreement. Even assuming that this was error, it would not have lowered Romano's offense level, and thus would be harmless.